UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE CHAMBERS,

    Plaintiff,

v.   Case No. 04-71066
    Hon. Victoria A. Roberts

GENERAL TRAILER MANUFACTURING d/b/a
GENERAL RV CENTER, INC.

    Defendant.
_____

## ORDER

**I.   INTRODUCTION**

This matter is before the Court on Defendant General RV Center, Inc.'s Motion for summary judgment and Partial Motion for summary judgment on the issue of damages. For the following reasons the Court **DENIES** both Motions.

**II.   BACKGROUND**

This case arises out of the alleged defective condition of a recreational vehicle ("RV") purchased from Defendant by Plaintiff.

The purchase was in December 1999; Plaintiff received the RV in March 2000. During the first year, when the RV was covered by an express warranty, Plaintiff brought it in for warranty repair work seven times. The complaints included a broken water line in the kitchen sink; the leveler jack; loose handles; and, that the exhaust pipe

1

tip fell off.

The RV problems continued after the one year warranty expired. For instance, the front jack did not retract so a new jack was ordered; the generator was sent out for repair; parts were replaced on the leveler jacks; the left rear jack fell off; *etc.* Defendant made nearly all of the repairs free of charge. The only defects that allegedly persist are damage to the air conditioner shroud, and problems with the hydraulic leveling jacks and refrigerator.

Defendant says that Plaintiff admitted to hitting the jacks with a hammer in an effort to get them to raise and lower. Further, Defendant contends that the damage to the air conditioner shroud was caused when Plaintiff hit a tree. Additionally, Defendant alleges Plaintiff failed to maintain the RV and its accouterments.

An Amended Complaint filed April 11, 2006, alleges: (1) breach of warranty of merchantability; (2) breach of implied warranty under the Magnuson-Moss Warranty Act ("MMWA"); and (3) violation of the Michigan Consumers Protection Act ("MCPA").

### III.    STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and

obligations of the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor.  *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## IV.  APPLICABLE LAW AND ANALYSIS

### A.  Motion for Summary Judgment

Defendant argues that Plaintiff's claim for breach of implied warranty fails as a matter of law.  The parties agree that Plaintiff's other claims, under the MMWA and MCPA, are derivative of his claim for breach of implied warranty of merchantability pursuant to MCL 440.2314:

> (1) Unless excluded or modified (section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.  Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.
>
> (2) Goods to be merchantable must be at least such as
> (a) pass without objection in the trade under the contract description; and
> (b) in the case of fungible goods, are of fair average quality within the description; and
> (c) are fit for the ordinary purpose for which such goods are used; and
> (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
> (e) are adequately contained, packaged, and labeled as the agreement may require; and
> (f) conform to the promises or affirmations of fact made on the container or label if any.
>
> (3) Unless excluded or modified (section 2316) other implied warranties may arise from course of dealing or usage of trade.

"To establish a prima facie case of breach of implied warranty, a plaintiff must show that goods were defective when they left the possession of the manufacturer or

3

seller. Under an implied warranty theory, a defect is established by proof that a product is not reasonably fit for its intended, anticipated or reasonably foreseeable use. Merchantable is not a synonym for perfect. The warranty of merchantability is that goods are of average quality in the industry. When goods are used in a manner other than intended, no warranty applies. As to goods accepted, the burden is on the buyer to establish any claimed breach of warranty." *Guaranteed Construction Company v. Gold Bond Products*, 395 N.W.2d 332, 336 (Mich.App. 1986)(citations omitted).

Plaintiff relies on the extensive repair history to establish that the RV was not fit for its ordinary purpose. The Plaintiff asserts that the first trip for repairs was seventeen days after he took possession. There were seven repair trips in the first year. There were several more trips in the following years. During deposition, Plaintiff admitted that the alleged defects were repaired to his satisfaction, except the hydraulic jacks, cigarette lighter, refrigerator, and air conditioning shroud. [Chambers Deposition, pp. 98-99].

Defendant relies on its experts, both of whom opined that the RV is of average quality and fit for the purpose for which it was intended. [Defendant's Exhibit 6]. Defendant's experts are its service director, Christopher Dietrich and the service shop foreman for Damon Corporation, Michael Bukowski. Damon Corporation manufactured the RV but is no longer a party to this suit.

Defendant contends that because Plaintiff does not have expert testimony to contradict its experts' findings, Plaintiff fails to establish a genuine issue of material fact. However, a party is not required to rebut expert testimony with its own expert testimony. *Uganski v. Little Giant Crane & Shovel, Inc.*, 192 N.W.2d 580, 588 (Mich.App. 1971).

4

"[N]o triers of fact are bound to accept opinion testimony, however expert and authoritative, as they proceed to determine issues of fact duly committed to them for finding or verdict." *Id.* (citation omitted).

In *Computer Network, Inc. v. AM General Corporation*, 696 N.W.2d 49 (Mich.App. 2005), the court held that frequent repair visits are enough to create a genuine issue of material fact on a breach of implied warranty of merchantability claim. In *Computer Network*, the plaintiff leased a truck from the defendant for three years. Before the lease was up, the plaintiff took the truck in for repair seventeen times. The problems included engine problems; malfunctioning turn signals; excessive vibration; defective heating; etc. The court held that "[t]he seventeen repair visits needed within such a short time is circumstantial evidence that the vehicle was defective and not reasonably fit for its intended use when it left the possession of defendant..." *Id.* at 56.

According to the service repair records here, the RV was brought in seven times within the first year. Plaintiff says some defects remain. Additionally, he testified at his deposition that he has been unable to use the jacks that are designed to stabilize the RV when parked, resulting in a feeling as if "you were intoxicated" when walking through the RV. [Chambers Deposition, pp. 91-92]. Further, he has missed trips because of the RV's disrepair. *Id.* at p.99.

Because there were several documented repair trips in a short period of time, beginning soon after purchase, and some of the defects are still outstanding, Plaintiff establishes a genuine issue of material fact on his claim for breach of the warranty of merchantability. See *Computer Network, supra.* Thus, all of Plaintiff's claims survive summary judgment.

### B. Motion for Partial Summary Judgment on the Issue of Damages

Defendant argues that Plaintiff's damages should be limited to the cost of repair. Defendant directs the Court to MCL 440.2714, which provides in pertinent part:

> (2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

Defendant contends that courts have determined that one of the best ways to measure this difference in value is to use the cost of repair. Defendant seems to suggest that the Court instruct the jury that if they reach the question of damages, they can only award the cost of repair.

One point of clarification is necessary. Plaintiff seems to argue that MCL 440.2719 applies, and while Defendant does reference it in its Motion, the Court finds that MCL 440.2719(2) applies to exclusive or limited remedy agreements in express warranty cases only. This matter deals strictly with an implied warranty.

Consequently, the only issue is whether the Court should instruct the jury that the measure of damages for Plaintiff's claims is the cost of repair, and abandon the standard jury instruction often given in breach of implied warranty cases.

The Michigan Civil Jury Instruction for a claim under MCL 440.2714(2) is, in relevant part:

> If you find that the seller has breached the contract, you must compute the buyer's damages as follows:
>
> a. First, you must determine the value of the goods at the time and place of acceptance - their actual value.
> b. Second, you must determine the value the goods would have had at the time and place of acceptance if they had

      conformed to the requirements of the contract.
   c. Then you must subtract the actual value of the goods from the value the goods would have had if they had conformed to the contract.
   d. *(You must add to this amount any of the following damages you find the buyer had:
    - any reasonable expenses incident to the seller's delay or other breach such as [specify expenses that are claimed and in issue]
    - other losses that you find resulted from the seller's breach, such as [insert consequential damages that are claimed and in issue], if you find that the seller at the time of contracting had reason to know of them, and the buyer could not reasonably have prevented them,
    - any injury to person or property proximately resulting from any breach of warranty).
\* \* \*
MI Civ JI 141.01

In urging the Court to abandon this instruction, Defendant relies on *Fargo Machine & Tool Company v. Kearney & Trecker Corporation*, 428 F.Supp. 364 (E.D. Mich. 1977). In *Fargo*, the court held that the plaintiff failed to present evidence on the value of the goods, thereby precluding the jury from calculating the damages as contemplated in MCL 440.2714(2). The court then turned to 440.2714(1) and chose to figure the plaintiff's loss "in any manner which is reasonable." *Fargo*, 428 F.Supp. at 383. The court awarded the cost of repair of some components as damages, as well as lost profits for the time the plaintiff was halted from manufacturing. However, the court did not hold that the measure of damages for a breach of implied warranty case *should always* be the cost of repair. Rather, the court granted the cost of repair because the plaintiff failed to present evidence on the ordinary measure of damages as provided in MCL 440.2714(2). *Fargo*, 428 F.Supp. at 382.

Defendant also cites two cases which were remanded on the issue of damages

because the plaintiffs failed to present evidence of the actual value of the goods at the time of acceptance.  *S.C. Gray, Inc. v. Ford Motor Company*, 92 Mich.App. 789 (Mich.App. 1979) and *Western Construction Company v. R.G. Moeller Company*, 1 Mich.App. 230 (Mich.App. 1965).  Both courts held the purchase price and the salvage value alone were inadequate evidence on the issue of damages to get to the jury.  However, neither court awarded or addressed the cost of repair as the measure of damages.

Defendant fails to persuade the Court that it should decide now, that the standard instruction should be supplanted by a cost of repair instruction.  The notes following MI Civ JI 141.01 certainly impart the authority to depart from the standard instruction.  They indicate that where evidence is presented that a different measure of damages is presented, the court should give a different instruction.  Moreover, where a plaintiff can prove special circumstances, he is entitled to a different measure of damages.  See MCL 440.2714(2).  Special circumstances arise when the plaintiff establishes proximate damages of a different amount than the value as warranted less the value as accepted.

But, the Court will give the standard instruction unless Plaintiff has evidence of special circumstances or evidence that a measure of damages other than the ordinary one should be given.

The Court also wishes to clarify damages that Plaintiff may be entitled to other than under MCL 440.2714(2).  Plaintiff contends that he is entitled to seek refund or replacement under the MMWA.  He relies on 15 USC §2304(a)(4).

The Court finds that §2304 is not a remedies provision; it merely provides the federal minimum standards for warranty.  Section 2310 of the MMWA provides the

remedy for violation of the act. Specifically, §2310(d) provides:

> (d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims
>
> (1) Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief -
> * * *
> (2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended: determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

Courts have determined that the measure of damages under the MMWA is the same as for state law claims of breach of implied warranty. See *MacKenzie v. Chrysler Corporation*, 607 F.2d 1162, 1166 (5th Cir. 1979)("...legislative history clearly implies that a resort to state law is proper in determining the applicable measure of damages under the [MMWA]"). In *Mackenzie*, the court affirmed the district court's refusal to give a separate jury instruction on damages under the MMWA. See also *Leavitt v. Monaco Coach Corporation*, 241 Mich.App. 288, 307-308 (Mich.App. 2000) and *Mayberry v. Volkswagen of America, Inc.*, 692 N.W.2d 226, 232 (2005).

Accordingly, the only available remedy under the MMWA is for reasonable costs and attorney fees.

Additionally, Plaintiff's only available remedy under the MCPA is for reasonable attorney fees. Plaintiff claims Defendant violated MCL 445.903(1)(e), "[r]epresenting that goods or services are of a particular standard, quality, or grade...if they are of

another." He seeks to recover pursuant to MCL 445.911(2), "...a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees."

In *Mayhall v. A.H. Pond Company, Inc.*, 129 Mich.App. 178, 185 (Mich.App. 1983), the court held that the measure of damages for unfulfilled expectations under the MCPA, is "[i]n general...the difference between the actual value of the property when the contract was made and the value that it would have possessed if the representations had been true." In *Mayhall*, the plaintiff brought an action under the MCPA, MCL 445.911(2) for damages sustained when he purchased a diamond ring advertised as "perfect" that turned out to be flawed. The court held that the plaintiff's unfulfilled expectations do amount to a "loss" for purposes of the MCPA even though there was not pecuniary loss.

Plaintiff cites an unpublished case for the proposition that he is not required to prove actual damages under the MCPA. However, the case cited by Plaintiff only entitles him to an award of $250 if he proves a violation of the MCPA but fails to present evidence of damages. In *Gadula v. General Motors Corporation*, 2001 WL 792499 (Mich.App. 2001), the court held that the plaintiff failed to present evidence of damages on her breach of warranty claim. The court noted that the measure of damages is "the difference between the value of the use of the goods accepted and the value if they had been as warranted." *Id*. at *1. The court held that the plaintiff could have presented evidence of the present value of a new or replacement lease in order to approximate the value of the defective car she received. Alternatively, she could have quantified the value of the inconvenience and lost work time when she experienced problems with the

car. Instead, the plaintiff argued the car had zero value because of the defects. The court excluded that testimony for lack of foundation.

Even though the court held Gadula did not prove the element of damages under her breach of warranty claim, the court also held that under the MCPA, the plaintiff did not have to prove actual damages because the statute provides for the recovery of a minimum of $250. The court ruled a directed verdict was improper because the jury could reasonably have awarded $250.

Notably, in *Mikos v. Chrysler Corporation*, 158 Mich.App. 781, 782 (Mich.App. 1987), the court expressly held that "[a] breach of an implied warranty of merchantability is a violation of the [MCPA] entitling the consumer to attorney fees." The court did not hold that a plaintiff could get damages under the MCPA not otherwise available for a breach of implied warranty claim.

Here, Plaintiff alleges Defendant "[r]epresented the subject vehicle to be of good, merchantable quality, free of defects, when in fact it was not merchantable when sold..." [Amended Complaint, ¶35]. Plaintiff is seeking damages for his unfulfilled expectations. Accordingly, the measure of damages is identical to the appropriate measure in Plaintiff's breach of implied warranty claim, except that he may seek reasonable attorney fees under the MCPA. If Plaintiff fails to present sufficient evidence of damages on his breach of implied warranty claim, his MCPA claim may still go to the jury for consideration of the statutory minimum award of $250.

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motions.

**IT IS SO ORDERED.**

          **S/Victoria A. Roberts**
          **Victoria A. Roberts**
          **United States District Judge**

**Dated: July 5, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 5, 2006.**
>
> **S/Carol A. Pinegar**
> **Deputy Clerk**